IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA

Savannah Division

FILED
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Savannah, Georgia
By lbarnard at 12:34 pm, Jun 01, 2016

| | | |
|---|---|---|
| IN RE: DONNA RAY | ) | CHAPTER 7 CASE |
| | ) | NUMBER <u>16-40111</u> |
| Debtor | ) | |

### OPINION AND ORDER DENYING
### <u>APPLICATION TO PROCEED IN FORMA PAUPERIS ON APPEAL</u>

Debtor Donna Ray, pro se, seeks to proceed in forma pauperis on her appeal from the order dismissing this case. Although Ray is eligible for waiver of the appeal fees based on her inability to pay, the appeal is not taken in good faith. The application is therefore denied.

### FINDINGS OF FACT

On January 22, 2016, Ray filed a bankruptcy petition (ECF No. 1 at 1-8), an Initial Statement About an Eviction Judgment Against You (ECF No. 1 at 12; ECF No. 17), and an Application to Have the Chapter 7 Filing Fee Waived (ECF No. 3). Following standard procedure, the Clerk's office mailed Ray a deficiency notice that listed additional bankruptcy forms required under the Bankruptcy Code and Rules by February 5, 2016. (ECF No. 5.) The deficiency notice warned that "[f]ailure to file the aforementioned documents by the date shown above will cause your

case to be dismissed with prejudice without further notice." (Id.)

February 5th came and went without Ray filing any of the additional forms. Accordingly, on February 10, 2016, the case was dismissed with prejudice for failure to file necessary papers. (ECF No. 10.) The dismissal order noted that the chapter 7 filing fee of $335 was due and owing; the waiver application had not been ruled on because Ray had not filed the property, income, and expense schedules to support it.

Sixty-one days after the case was dismissed, Ray filed—on a form that referenced a Nevada state statute—the Application to Proceed in Forma Pauperis ("Application") that I consider here (ECF No. 14).[1]

## CONCLUSIONS OF LAW

Under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"),[2] bankruptcy courts acquired explicit authority to rule on applications to waive the fees for the filing of an appeal by a chapter 7 debtor, whether or not the debtor qualified for waiver of the case filing fee:

---

[1] The Application does not indicate which fee(s) Ray seeks to have waived, whether the fees for filing an appeal or the fee for the Motion to Reopen Case, which she filed the same day (ECF No. 13), or both. For the purposes of this order, the Application is taken as a request to waive the fees for filing an appeal.

[2] Pub. L. 109-8, 119 Stat. 23 (2005).

> 28 U.S.C. § 1930. Bankruptcy fees
>
> . . . .
>
> [f](2) The district court or the bankruptcy court may waive for such debtors [i.e., debtors who have qualified for a waiver of the chapter 7 filing fee under § 1930(f)(1),] **other fees** prescribed under subsections (b) and (c) [of § 1930].
>
> (3) This subsection [f] does not restrict the district court or the bankruptcy court from waiving, in accordance with Judicial Conference Policy,[3] fees prescribed under this section for other debtors [i.e., debtors who have not qualified for a waiver of the chapter 7 filing fee,] and creditors.

28 U.S.C. § 1930(f)(2)-(3) (emphasis added). "Other fees" under § 1930(b) and (c) include the $293 fee for filing an appeal, see 28 U.S.C. § 1914(b), and the $5 notice-of-appeal fee.

In cases filed pre-BAPCPA, consideration of an application for waiver of the appeal fees was a two-step process under a statute that permits "any court of the United States" to authorize an appeal without prepayment of fees. See 28 U.S.C. § 1915(a)(1).[4] First, the applicant was required to submit an affidavit that included a statement of assets showing the applicant's inability to pay. Id. Second, the court was required to consider whether the appeal was taken in good faith: "An

---

[3] The Judicial Conference of the United States is established by statute as the national policy-making body for the federal courts. See 28 U.S.C. § 331.

[4] Bankruptcy courts in the Southern District of Georgia, as Article I courts, could not rule on a debtor's application to proceed in forma pauperis under § 1915(a), because in the Eleventh Circuit, the phrase "courts of the United States" means Article III courts. See IRS v. Brickell Inv. Corp. (In re Brickell Inv. Corp.), 922 F.2d 696, 700 (11th Cir. 1991). Instead, the bankruptcy court submitted a report and recommendation to the district court. See In re Del Rio, No. 401CV65, 2001 WL 34094074, at *1 n.3 (S.D. Ga. Aug. 15, 2001).

3

AO 72A
(Rev. 8/82)

appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

The Application raises an issue of first impression in this district: Did BAPCPA change what previously was a two-prong test under § 1915(a) for waiver of appeal fees? The answer is within the court's discretion.

### I. Ray Is Eligible for Waiver of the Appeal Fees Based on Her Inability to Pay.

Under both § 1915(a) and BAPCPA, the threshold question is whether the debtor can pay the fee. Under § 1930(f)(2)-(3), the Judicial Conference has instructed courts to apply the standard of eligibility for waiver of the chapter 7 case filing fee. See Bankruptcy Case Policies (pdf) (Guide to Judiciary Policy, Vol. 4, Ch. 8, last revised March 11, 2015) Waiver of Additional Individual Debtor Fees § 820.40(b)-(c), uscourts.gov., http://www.uscourts.gov/rules-policies/judiciary-policies/bankruptcy-case-policies.

I consider the Application here under § 1930(f)(3), because I did not rule on Ray's request for waiver of the case filing fee due to her failure to file the required schedules. She is thus among the "other debtors" to which § 1930(f)(3) applies.

The standard of eligibility for waiver of the chapter 7 case filing fee is based on the "income official poverty line" and

requires also that the debtor be unable to pay the fee in installments:

> [T]he district court or the bankruptcy court may waive the filing fee in a case under chapter 7 of title 11 for an individual if the court determines that such individual has income less than 150 percent of the income official poverty line . . . applicable to a family of the size involved and is unable to pay that fee in installments.

28 U.S.C. § 1930(f)(1). The "income official poverty line" refers to the poverty guidelines periodically updated by the United States Department of Health and Human Services. See Guide to Judiciary Policy, Judicial Determination of Filing Fee Waiver Applications § 820.20(a)(1)(A).

Here, Ray declared under penalty of perjury, albeit under Nevada law, that her household includes herself and three children. (Application, ECF No. 14 at 2.) The applicable poverty guideline is thus $24,300. See Poverty Guidelines 01/25/2016, hhs.gov, https://aspe.hhs.gov/poverty-guidelines. Accordingly, if Ray's annual income is less than $36,450 (150% of the income official poverty line) and she is unable to pay in installments, she is eligible for waiver of the fees for filing an appeal.

Ray declared that she lost her job February 5, 2016; has no income at all; has monthly expenses of $1583; and has no assets other than a car worth less than what she owes on it. (Application, ECF No. 14 at 2-3.) She has thereby established an income below the statutory ceiling and an inability to pay the

appeal fees in installments, making her eligible for in forma pauperis relief under § 1930(f)(3).

**II. The Appeal Is Frivolous and Thus Not Taken in Good Faith.**

Under the pre-BAPCPA analysis, the court would be required at this point to consider whether the appeal was taken in good faith. See § 1913(a)(3). There is no such explicit requirement post-BAPCPA.

However, notwithstanding that § 1930(f)(1) addresses only a debtor's ability to pay, it is within the court's discretion to consider not only whether the debtor can pay but also whether the debtor should pay. See 28 U.S.C. § 1930(f)(2) (providing that the court "may" waive other fees). Judicial Conference policy supports the bankruptcy court's broad discretion: "[F]ees . . . may be waived, in the discretion of the court, for an individual debtor whose filing fee has been waived, **or for whom the totality of circumstances during the pendency of the case and appeal warrant such waiver upon request.**" Guide to Judiciary Policy, Vol. 4, Ch. 8, Waiver of Additional Individual Debtor Fees § 820.40(a) (emphasis added).

Bankruptcy courts considering in forma pauperis appeals under § 1930(f)(2)-(3) have retained the good-faith analysis that previously was required. See, e.g., Yelverton v. District of Columbia (In re Yelverton), Case No. 09-00414, A.P. No. 10-10045, 2011 WL 2909379 (Bankr. D.C. July 18, 2011); Queen v. Dept. of

6

Educ. (In re Watkins), Case No. 90-41473, A.P. No. 10-4319, 2011 WL 6117343 (Bankr. W.D. Mo. Mar. 4, 2011); Sindram v. Super. Ct. (In re Sindram), Case No. 08-00559, A.P. No. 09-10036, 2010 WL 3959398 (Bankr. D.C. Oct. 8, 2010). I agree with this approach and, in the absence of appellate authority, apply the standard developed under § 1915(a)(3).[5]

Good faith is judged by an objective standard and is demonstrated when an appellant seeks review of any issue that is not frivolous. Coppedge v. United States, 369 U.S. 438, 445 (1962). An issue is frivolous if it is "without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).

Ray's appeal is frivolous as a matter of law, because she filed the notice of appeal after the time for filing had run. With exceptions not relevant here, the Bankruptcy Rules require the notice of appeal to be filed within fourteen days after the entry of the order being appealed. Fed. R. Bankr. P. 8002(a)(1). Pro se appellants are not excused from compliance with this rule. See McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil

---

[5] Neither the United States District Court for the Southern District of Georgia nor the Eleventh Circuit Court of Appeals has yet reviewed any decision under § 1930(f)(2)-(3). In an unpublished opinion issued nearly three years after the passage of BAPCPA, the Eleventh Circuit reviewed under § 1915(a), not § 1930(f), the denial of a chapter 7 debtor's motion to proceed in forma pauperis on appeal of the dismissal of the debtor's adversary complaint. See Ghee v. Retailers Nat'l Bank, 271 F. App'x 858 (11th Cir. 2008). Although not explicitly stated by the Eleventh Circuit or the district court below, § 1930(f) did not apply, because the underlying bankruptcy case was filed before October 17, 2005, when most of BAPCPA's provisions, including § 1930(f), became effective. See BAPCPA § 1501(a)-(b) (uncodified).

litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.")

"The Supreme Court has emphasized that the timely filing of a notice of appeal is 'mandatory and jurisdictional.'" Advanced Estimating Sys., Inc. v. Riney, 77 F.3d 1322, 1323 (11th Cir. 1996) (quoting Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 61 (1982)). When the notice is filed out of time, the appellate court is without jurisdiction over the appeal. Id. Thus, because Ray filed her notice of appeal sixty-one days after the order of dismissal, the district court has no jurisdiction and the appeal is therefore without legal merit.

### ORDER

"The pauper's affidavit should not be a broad highway into the federal courts." Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). There being no arguable merit in law in Ray's appeal from the dismissal of this case, the appeal is frivolous and thus not taken in good faith. The Application to Proceed in Forma Pauperis is therefore **ORDERED DENIED**.

JOHN S. DALIS
United States Bankruptcy Judge

Dated at Brunswick, Georgia,
this 1st day of June, 2016.